HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY W. ALEXANDER, an individual,

   Plaintiff,

   v.

WELLS FARGO, BANK, N.A., et al.

   Defendants.

CASE NO. C15-1274-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on a Motion to Dismiss by Defendant J.P. Morgan Chase Bank, N.A. ("Chase") and Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. # 16. For the reasons set forth below, the Court GRANTS the motion.

## II.   BACKGROUND

On or about September 22, 2005, Plaintiff Gary W. Alexander, and non-party Diane M. Alexander, executed a promissory note (the "Note") in the amount of $176,250.00 payable to Washington Mutual Bank ("WaMu"). (Compl.) Dkt. # 1, ¶16; (Note) Dkt. # 11-1. In the Note, Plaintiff and Mrs. Alexander agreed that if they did "not pay the full amount of each monthly payment on the date it is due," they would be in default. *Id.*, ¶ 7(B).

Plaintiff and Mrs. Alexander also executed a Deed of Trust securing the Note. (Compl.) Dkt. # 1, ¶¶ 1, 26; (DOT) Dkt. # 11-2. The recorded Deed of Trust encumbers real property commonly known as 13 North Tweedt Place, Kennewick, WA 99336 (the

ORDER – 1

"Property"). *Id.* Plaintiff and Mrs. Alexander agreed that the Note and security instrument could be sold one or more times without prior notice to them. (DOT) Dkt. # 11-2, ¶ 20. They also agreed that the lender could appoint a successor trustee, who would acquire all "title, power and duties" of the original trustee. *Id.*, ¶ 24.

On or about September 12, 2012, Wells Fargo Bank, N.A., as Trustee for the WaMu Mortgage Pass-Through Certificates, Series 2005-PR4 Trust ("the Certificate Trust") executed a declaration stating that it is the note holder for plaintiff's loan. (Beneficiary Decl.) Dkt. # 11-3. On September 24, 2012, an Assignment of Deed of Trust was recorded with the Benton County Auditor, in favor of Wells Fargo Bank, N.A., as Trustee for the Certificate Trust. Dkt. # 11-4.

Subsequently, that same date, an Appointment of Successor Trustee was recorded with the Benton County Auditor, naming NWTS as the successor trustee of the Deed of Trust. (Appt. of Trustee) Dkt. # 11-5. On or about April 28, 2015, another sworn declaration was again executed averring to the status of the Certificate Trust as the Note holder. (2d Beneficiary Decl.) Dkt. # 11-6. On May 14, 2015, NWTS recorded a Notice of Trustee's Sale with the Benton County Auditor, setting a sale date of August 14, 2015. (Notice of Sale) Dkt. # 11-7; (Compl.) Dkt. # 1, ¶ 22. NWTS contends that the sale was subsequently postponed and has not occurred. (Mot.) Dkt. # 11.

Plaintiff claims that he rescinded his loan in January of 2007 and that defendants have no standing to sell his property. (Compl.) Dkt. # 1, ¶ 22.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must

ORDER – 2

1   point to factual allegations that "state a claim to relief that is plausible on its face." *Bell*
2   *Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint
3   avoids dismissal if there is "any set of facts consistent with the allegations in the
4   complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S.
5   662, 679 (2009).

6       The court typically cannot consider evidence beyond the four corners of the
7   complaint, although it may rely on a document to which the complaint refers if the
8   document is central to the party's claims and its authenticity is not in question. *Marder v.*
9   *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject
10  to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.   ANALYSIS

12      Plaintiff alleges three causes of action against Wells Fargo and Chase in his
13  complaint. Specifically, Plaintiff brings claims for (1) "Violations Under Title 12 §
14  226.39 (regulation Z) part (a) ('Wrongful Foreclosure')" (Compl. ¶¶ 23-25); (2) to Quiet
15  Title (Compl. ¶¶ 26-30); and (3) for Declaratory Relief (Compl. ¶¶ 31-35).

16      a.   <u>Violations of the Truth in Lending Act ("TILA")</u>

17      Plaintiff's first claim alleges that Wells Fargo and Chase violated Regulation Z of
18  the TILA by attempting to foreclose on the Property without having the rights of a holder
19  in due course. *See* Compl. ¶ 24.

20      As a preliminary matter, it does not appear that TILA's Regulation Z, 12 C.F.R. §
21  226.39, applies to this case. Under that section, a "covered person" must mail or deliver
22  certain required disclosures to consumers within 30 days of the transfer of a "mortgage
23  loan." 12 C.F.R. § 226.39(b). A "mortgage loan" is defined as "any consumer credit
24  transaction that is secured by the *principal dwelling* of a consumer." *Id.* § 226.39(a); *cf.*
25  *Zirogiannis v. Dreambuilder Invs. LLC*, 782 F. Supp. 2d 14, 17 (E.D.N.Y. 2011).

26      Here, Plaintiff alleges that he, "at all times mentioned herein," has resided in King
27  County, Washington. *See* (Compl.) Dkt. # 1, ¶¶ 1. The Property, however, is located in
28  ORDER – 3

Benton County, Washington. *See id.* ¶ 13. Thus, by Plaintiff's own admission, it is not plausible that Plaintiff primarily resided in the Property – rendering TILA inapplicable.

Because further amendment of this claim would be futile, the Court dismisses this claim without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

### b. Quiet Title

Plaintiff's claim to quiet title fails because he has not alleged facts showing that he has satisfied his obligations under the deed of trust. *See Evans v. BAC Home Loans Servicing LP*, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10, 2010). "The plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." *City of Centralia v. Miller*, 31 Wash. 2d 417, 197 P.2d 244, 247 (Wash. 1948). "A deed of trust creates a lien on real property, but it does not convey title to the lender." *See Young v. Nw. Trustee Servs. Inc.*, 2015 WL 1062047, at *2 (W.D. Wash. Mar.11, 2015) (citing Wash. Rev. Code § 61.24.020; *Rustad Heating & Plumbing Co. v. Waldt*, 91 Wash. 2d 372, 588 P.2d 1153, 1155 (Wash.1979)).

Although Plaintiff alleges that either Wells Fargo or Chase has improperly asserted rights to the promissory note or deed of trust (*see* Compl. ¶¶ 15, 21–22, 24–26), he does not allege that they claim a current right to the Property. Instead, Plaintiff's allegations at best explain that Wells Fargo and Chase merely attempted to foreclose on the Property by enforcing a lien.

Accordingly, the Court dismisses Plaintiff's second claim. Because further amendment of this claim would be futile, the Court dismisses this claim without leave to amend. *See Gardner*, 563 F.3d at 990.

### c. Declaratory Judgment

Plaintiff's third cause of action is for declaratory relief. But "[t]he Declaratory Judgment Act creates only a remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*,

ORDER – 4

919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013).  Because the court has dismissed Plaintiff's substantive causes of action, his claim for declaratory relief must be dismissed as well.  *Id.*

        d.  <u>Defensive Collateral Estoppel</u>

Finally, as explained in a recent order by Judge Lasnik, defendant has previously asserted these same three claims against these and other defendants in prior lawsuits. *Compare Alexander v. Wells Fargo Bank, N.A., et al.*, C15- 459RAJ Dkt. # 1 at 10-12 (violation of TILA), 12 (quiet title), and 15-17 (declaratory relief), with *Alexander v. Chase Bank NA, et al.*, C16-62RSL Dkt. # 1 at 8-9 (violation of TILA), 9-10 (quiet title), and 11-13 (declaratory relief).  Because these identical issues were necessarily decided in a final judgment against Plaintiff, issue preclusion bars Plaintiff from asserting the same claims in this action.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss.  Dkt. # 16. The clerk is directed to enter judgment in favor of Defendants and against Plaintiff.

Dated this 31st day of May, 2016.

                               */s/ Richard A. Jones*

                               The Honorable Richard A. Jones
                               United States District Judge

ORDER – 5